# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**MAURICE JEROME DAY JR.**                                                   **PETITIONER**

v.                                                          **CIVIL ACTION NO. 4:20-CV-5-JHM**

**HOPKINS COUNTY FAMILY COURT** *et al.*                       **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner Maurice Jerome Day Jr. initiated the instant action by filing a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, the All Writs Statute. Petitioner names as Respondents the Hopkins County Family Court and "Hopkins County Child Support." For the following reasons, this action will be dismissed for lack of subject-matter jurisdiction.

## I.

The petition is not a model of clarity. However, it states as follows:

> It is the intention to achieve relief by writ of mandamus to compel a judicial officer to show evidence of jurisdiction the court was relying upon when issuing support orders, that are money judgments dispossessing the undersigned of property without a judgment by peers as required by due process the law of the land.

Petitioner then states that he seeks a "Writ of Prohibition prohibiting issuance of orders/judgments without showing evidence or jurisdiction." Petitioner continues:

> The petitioner's failure to enter evidence is proof the court of issuance issued a support order . . . in violation of the substantive rights, specifically 1st amendment right to privacy, 4th amendment guarantee from seizure of property, 7th Amendment guarantee of a trial by jury, and lastly 14th amendment guarantee prohibiting a state enforcing rules and statutes which deprive rights guaranteed in the Bill of Rights.

Petitioner specifically argues that a child support order entered against him violates his constitutional rights because it constitutes a "dispossession of property" without a trial by jury. He then states that he seeks a writ of mandamus to compel a judicial actor "to perform a non-

discretionary act of clarifying the evidence introduced into the court" and to "perform a non-discretionary act of clarifying evidence of jurisdiction."

In addition to mandamus relief, Petitioner seeks "a full refund of all funds taken."

## II.

### A. Writ of Mandamus

This Court lacks jurisdiction to order Respondents to perform the acts requested by Petitioner. Under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Haggard v. Tennessee,* 421 F.2d 1384, 1385 (6th Cir. 1970). However, 28 U.S.C. § 1361 only gives district courts "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff" (emphasis added). Thus, because neither the Hopkins County Family Court nor "Hopkins County Child Support" is an agency of the United States, the Court lacks jurisdiction to consider the instant petitioner.

### B. Habeas Petition

Petitioner also filed a document titled "Memorandum of Laws in Support of Petition Writ of Habeas Corpus" (DN 1-1). In the event Petitioner intended this action to be one in which he seeks a writ of habeas corpus, habeas relief is not available to him. The federal habeas corpus statutes give the United States district courts jurisdiction to review habeas corpus petitions only from persons "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). A "civil judgment requiring [a petitioner] to pay child support does not . . . constitute custody" for purposes of 28 U.S.C. §§ 2241 or 2254. *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984).

Moreover, courts that have considered the issue have consistently held out of "deference to state expertise in the field of domestic relations" that the extraordinary remedy of a writ of habeas corpus is not available and, indeed, would be "inappropriate" in such cases. *See, e.g.*, *Castorr v. Brundage*, 674 F.2d 531, 535-36 (6th Cir. 1982); *see also Lehman v. Lycoming Cty. Children's Serv.*, 458 U.S. 502, 515-16 (1982) (holding that "§ 2254 does not confer federal-court jurisdiction" in cases involving child-custody disputes); *Jacobson v. Summit Cty. Children Servs. Bd.*, 202 F. App'x 88, 90 (6th Cir. 2006) (relying on *Lehman* in holding that the court lacked habeas jurisdiction to review the state court's judgment involuntarily terminating parental rights); *Mahon v. Cuyahoga Cty. Domestic Relations Court*, No. 1:18 CV 297, 2018 U.S. Dist. LEXIS 94390 (N.D. Ohio June 5, 2018) (summarily dismissing habeas corpus petition for lack of jurisdiction where the petitioner challenged an order regarding his obligation to make child support payments); *Martin v. Morrison*, No. 1:17-cv-715, 2018 U.S. Dist. LEXIS 34690 (S.D. Ohio Jan. 3, 2018) (same).

### C. 42 U.S.C. § 1983

Finally, to the extent that Petitioner intended this action to be brought pursuant to 42 U.S.C. § 1983, the statute which provides a remedy for the deprivation of constitutional rights committed by persons acting under color of state law, *West v. Atkins*, 487 U.S. 42, 48 (1988), the Court lacks jurisdiction to hear his claims under the *Rooker-Feldman* doctrine. This doctrine deprives federal district courts of jurisdiction over federal claims that are "inextricably intertwined" with state-court judgments. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S.

413, 416 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779 (6th Cir. 2005).

In addition, a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Moreover, the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, any constitutional claim against Hopkins County Family Court, which is a division of the Hopkins County Circuit Court,[1] would be dismissed for these reasons. *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred by Eleventh Amendment); *Benton v. City of Louisville Family Court Div.*, No. 3:14CV-263-S, 2014 U.S. Dist. LEXIS 114080 (W.D. Ky. Aug. 18, 2014) (dismissing claim against the "City of Louisville Family Court Div." as barred by the Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

And assuming that Petitioner's claim against Respondent "Hopkins County Child Support" could be construed as a claim against Hopkins County under § 1983, this claim would also would fail because Petitioner does not allege that any violation of his constitutional rights occurred as the result of a custom or policy adopted by Hopkins County. *See Monell v. New*

---

[1] Section 109 of the Kentucky Constitution provides:

> The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration. . . .

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

### III.

For the foregoing reasons, the Court will dismiss the instant petition for a writ of mandamus by separate Order.

Date: June 30, 2020

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondents
4414.011

5